IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARVINAL ROY CHANDLER, JR., § | | |
| TDCJ No. 2182019, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | | No. 3:20-cv-86-K-BN |
| § | | |
| LORIE DAVIS, Director § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER DENYING CONSTRUED MOTION FOR RELEASE ON BAIL

Petitioner Darvinal Roy Chandler, Jr. was convicted of murder and sentenced to 40 years of imprisonment. *See State v. Chandler*, No. F15-75696-X (Crim. Dist. Ct. No. 6, Dallas Cnty., Tex.), *aff'd*, No. 05-18-00242-CR, 2018 WL 6382120 (Tex. App. – Dallas Dec. 3, 2018, pet. ref'd). After he was denied state habeas relief, Chandler filed this habeas action under 28 U.S.C. § 2254, raising eight grounds for relief – seven asserting that his trial counsel was constitutionally ineffective and one that the prosecutor allowed perjured testimony. *See* Dkt. Nos. 3 & 5.

His Section 2254 action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. And the State recently responded to the habeas application, opposing Chandler's grounds for relief. *See* Dkt. No. 18.

Shortly thereafter, Chandler sent correspondence addressed to the

undersigned, informing the Court that he recently tested positive for the COVID-19 virus and asking what he "can do or file to ask for a appeal grant and a appeal bond." Dkt. No. 21. In the context of this habeas action, the Court construes this request as a motion for release on bail.

"In spite of the lack of specific statutory authorization, it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus." *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) (per curiam) (collecting authority).[1]

> Release on bail should be granted to a prisoner pending post-conviction habeas review "only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974). Examples of "extraordinary circumstances" include the serious deterioration of the petitioner's health while incarcerated, short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective, and extraordinary delay in processing a habeas petition. *See id.* at 702 n.1.

*United States v. Roberts*, 250 F.3d 744, 2001 WL 274751, at *1 (5th Cir. Feb. 22, 2001) (per curiam); *see also Watson v. Goodwin*, 709 F. App'x 311, 312 (5th Cir. 2020) (per curiam) (applying *Calley* where the district court denied bail in a Section 2254 proceeding).

---

[1] *See also id.* at 174 n.1 (observing without deciding that, because they are vested with "'all powers and duties conferred or imposed upon United States commissioners by law,'" which included "to take bail," United States magistrate judges possess the power "to enlarge a state prisoner on bail pending district court consideration of his habeas corpus action" (quoting 28 U.S.C. § 636(a)(1); citation omitted)).

The United States Court of Appeals for the Fifth Circuit has held that both a substantial constitutional claim with a high probability of success and an extraordinary or exceptional circumstance must be present before a Court may grant a request for release on bail pending its decision on a collateral attack of a sentence. *See United States v. Bishop*, 519 F. App'x 216, 218 (5th Cir. 2012) (per curiam) ("Bishop cannot demonstrate that she has a high probability of success on her constitutional claim. We cannot assess the probability of success of her claim of ineffective assistance of counsel until the district court holds an evidentiary hearing on remand. Accordingly, we need not determine whether her deteriorating health constitutes an exceptional circumstance."); *accord United States v. Vogel*, 595 F. App'x 416, 417 (5th Cir. 2015) (per curiam); *United States v. Pratt*, 304 F. App'x 299, 299 (5th Cir. 2008) (per curiam).

First, Chandler has yet to show that there is a high probability of success on his Section 2254 claims. *Cf. Awan v. Davis*, 806 F. App'x 326, 326 (5th Cir. 2020) (per curiam) ("Considering the deferential standard of review applicable in this habeas case, Awan has not shown that his ineffective assistance claim has a high probability of success." (citing *Calley*, 496 F.2d at 702; *Watson*, 709 F. App'x at 312; 28 U.S.C. § 2254(d))); *Rhoades v. Davis*, 852 F.3d 422, 434 (5th Cir. 2017) ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)).

And several judges of at least this Court have previously found that the risk of

contracting COVID-19 while in custody is not an extraordinary or exceptional circumstance that could make granting bail necessary to make the habeas remedy effective. *See Houston v. Davis*, No. 18-cv-3199-G-BH, 2020 WL 3036616, at *2 (N.D. Tex. June 5, 2020) ("The only case that appears to have considered whether the coronavirus pandemic is an 'extraordinary circumstance' in this context has noted that '[a]lthough the Coronavirus public health crisis continues, it does not make the grant of bail necessary to make the habeas remedy petitioner seeks effective.' Likewise, the coronavirus pandemic does not make the grant of bail necessary to make the habeas remedy Petitioner seeks effective in this case." (quoting *Awan v. Davis*, No. 4:20-cv-135-A, Dkt. No. 13 at 2 (N.D. Tex. Mar. 27, 2020), *aff'd*, 806 F. App'x 326 (5th Cir. 2020) (per curiam); footnote omitted)); *see also Risner v. Fowler*, ___ F. Supp. 3d ___, No. 3:19-cv-3078-N-BT, 2020 WL 2110579, at *7 (N.D. Texas May 1, 2020) ("The Court takes the COVID-19 pandemic very seriously, and it does not discount Risner's vulnerability to adverse consequences from the virus due to his age and underlying medical conditions. But Risner has failed to establish that the risk of contracting COVID-19 while in FCI Seagoville is a special circumstance warranting [release on bail pending habeas review of an extradition proceeding]." (citations omitted)).

Similarly, while Chandler has produced evidence that he has already contracted the virus, he has not shown that either his age or an underlying health condition causes him to be at an elevated risk of harm from the virus and, moreover, that measures implemented by the Texas Department of Criminal Justice are

insufficient to care for him should he have an elevated risk of harm from the virus. The Court cannot therefore find an extraordinary or exceptional circumstance on the showing that Chandler has made. *Cf. United States v. Vargas-Malave*, No. 3:18-cr-235-S, 2020 WL 3405529, at *2 (N.D. Tex. June 18, 2020) (observing in the context of a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) that "Vargas-Malave is only 30 years old, but he does report an underlying medical condition (diabetes) that, according to the Centers for Disease Control, places him 'as a higher risk of developing serious COVID-19 illness.' Even so, the Government represents in its response that Vargas-Malave tested positive for the virus on May 13, 2020 and '[h]e remained asymptomatic and [without a fever] and was discharged from isolation on May 26, 2020.' In addition, included with the Government's response are more than 200 pages of medical records. These records do not reflect that the BOP is unable to manage Vargas-Malave's diabetes or any other of his underlying health concerns. The records, in fact, document at least one incident where he refused medical care from the BOP. Vargas-Malave also has provided 'no evidence that the safety measures the BOP has implemented at [FMC Fort Worth] are ineffective at protecting against [a future] spread of COVID-19.'" (citations and footnote omitted)).

Accordingly, the Court DENIES the construed motion for release on bail [Dkt. No. 21].

SO ORDERED.

DATED: June 29, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE